IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BROOKS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-4318 |
| HARLEY-DAVIDSON MOTOR | : | |
| COMPANY, et al. | : | |

**<u>MEMORANDUM</u>**

Ludwig, J.                                                                                                       August 21, 2009

This is defendants' second attempt to effectuate removal on grounds of diversity jurisdiction.[1] For the reasons set forth below, plaintiffs' motion to remand must again be granted.

This is a personal injury action based on negligence and products liability arising from a motorcycle accident on August 10, 2006. Complaint, ¶ 30. On August 18, 2008, service

---

[1] This action was commenced by summons in the Court of Common Pleas of Philadelphia County in November 2007 and first removed to this court in December 2007. Removal was premised on diversity jurisdiction, disregarding the citizenship of individual defendant Fred Gates, vice-president and general manager of Harley-Davidson's York, Pennsylvania plant, and plaintiff Kenneth Brooks, the adult son of injured plaintiff Robert Brooks. Defendants contend that these individuals were fraudulently joined as follows: as to Fred Gates, employees of manufacturers are not subject to individual liability in products cases absent active malfeasance; as to the adult son, state law does not recognize loss of consortium claims of adult children.

On June 30, 2008, plaintiffs' first motion to remand was granted. The fact-record as to jurisdiction at that time consisted only of the notice of removal: "Absent a complaint, it cannot be said that plaintiffs' claims are 'so defective that they should never have been brought at the outset.' . . . Therefore, it would be inappropriate to disregard the presence of non-diverse parties, and the presence of a Pennsylvania citizen." <u>Brooks v. Harley-Davidson Motor Co.</u>, 2008 WL 2679189, at *2 (E.D. Pa., filed June 30, 2008), quoting <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 852 (3d Cir. 1992).

of plaintiffs' complaint was made on defendants, and on September 8, 2008, defendants Harley-Davidson and Fred Gates had the action removed on the ground of diversity jurisdiction. Plaintiffs move to remand based on their assertion of claims against a resident of the forum state, and against non-diverse parties. Defendants contend that the forum resident and non-diverse parties were fraudulently joined, and therefore, their citizenship should be disregarded.[2] Because at this juncture, the joinders appear not to be fraudulent, there is no diversity jurisdiction, and the action will be remanded.[3]

According to the complaint,[4] plaintiffs Robert Brooks and Kathryn Brooks are citizens of Maryland, and their adult son Kenneth, is a citizen of Delaware. Defendants are Harley-

---

[2] "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992), quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). However, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." Boyer, 913 F.2d at 113 (citations omitted). It is the removing party's burden to show that parties are fraudulently joined. Id.

[3] "Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Batoff, 977 F.2d at 851, quoting Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed, 484 U.S. 1021 (1988).

[4] On October 8, 2008, plaintiffs filed an amended complaint, adding defendant Harley-Davidson York, Inc., which is alleged to be a Pennsylvania corporation with its principal place of business in Pennsylvania. Amended Complaint, ¶ 13. It also adds claims under the Maryland Consumer Protection Act against Harley-Davidson Annapolis and the Rommel defendants. Amended Complaint, ¶ 35(g). However, a defendant's right to remove is to be determined according to a plaintiff's pleading at the time the petition for removal was filed. Abels v. State Farm Fire & Cas., 770 F.2d 26, 29 (3d Cir. 1985), citing Pullman Company v. Jenkins, 305 U.S. 534, 537 (1939). Therefore, claims and parties added in plaintiffs' amended complaint cannot be considered vis-a-vis plaintiffs' motion to remand.

Davidson Motor Company Group, Inc., a Wisconsin corporation with its principal place of business in Wisconsin; Fred Gates is vice-president and general manager at Harley-Davidson's York, Pennsylvania plant, and a citizen of Pennsylvania; Kuser Enterprises, Inc. is a New Jersey corporation with its principal place of business in New Jersey; Mike's Famous Harley-Davidson, Inc. is a Delaware corporation with its principal place of business in Maryland;[5] Harley-Davidson of Annapolis is a Maryland corporation with its principal place of business in Maryland; Rommel Cycles, LLC, is a Maryland corporation with its principal place of business in Maryland; and Dave Rommel is a Maryland citizen. Complaint, ¶¶ 1-29.

The complaint asserts the following claims, based on injuries resulting from the negligent design, manufacture, sale, distribution, service and repair of Robert Brooks' motorcycle, and the sale of a similarly defective motorcycle to Kathryn Brooks:

    (1) negligence (Counts I, V, X);

    (2) strict products liability (Count II);

    (3) breach of warranty (Count III);

---

[5] Defendants have submitted the affidavit of Michael Schwartz, president of Mike's Famous, which states that Mike's Famous does not have a place of business in Maryland. Schwartz Affidavit, Exhibit "C" to defendants' memorandum in opposition to plaintiff's motion to remand. Consideration of affidavits is permissible in deciding a motion to remand. In re Diet Drugs, 2004 WL 1824357, at *2 (E.D. Pa., Aug. 12, 2004), citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 98 (1921) ("if a plaintiff contests a defendant' assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence."). However, in light of the bases for the decision to remand, it is unnecessary to resolve this factual dispute.

(4) violation of Pennsylvania's UTPCPL (Counts IV, VI, IX);

(5) joint enterprise and alter ego claims against Mike's Famous and the Rommel defendants (Counts VII and VIII); and

(6) loss of consortium claims on behalf of both Kathryn and the Brooks' adult son Kenneth (Count XI).

According to plaintiffs, the presence of Fred Gates, a Pennsylvania citizen, renders removal improper under 28 U.S.C. § 1441(b). Remand motion, ¶ 47. Plaintiffs' negligence claim against Gates asserts that as general manager of harley-Davidson's York plant, Gates was actively involved in the manufacture of the motorcycles in question. Gates' affidavit stated that he had no role in the design, manufacture, assembly, inspection, testing, packaging or distribution of the motorcycle at issue. Affidavit of Fred Gates, ¶ 4, Exhibit "B" to defendants' memorandum in opposition.

Under Pennsylvania law, "a corporate officer can be held liable for 'misfeasance,' i.e., the improper performance of an act, but not for 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." Brindley v. Woodland Village Restaurant, Inc., 652 A.2d 865, 868 (Pa. Super. 1995). Defendants' position is that Gates' affidavit establishes that he could be charged, at most, with nonfeasance, which is not actionable conduct. Plaintiffs respond, however, that Gates' affidavit is not exhaustive as to his conduct - conduct that may have been active, and, therefore, considered misfeasance under Pennsylvania law .[6] "If there

---

[6] For example, according to plaintiffs, the affidavit does not establish that "Gates did not receive reports of crashes due to wheel wobble or other stability problems exhibited by large

is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

Because the complaint asserts a claim against Gates cognizable under Pennsylvania law, which may be supported by evidence obtained in the course of discovery, the claim is colorable. Gates, therefore, renders removal improper.

A further fraudulent joinder issue is the loss of consortium claim asserted by Robert and Kathryn Brooks' adult son Kenneth, a Delaware citizen, against defendants, including Mike's Famous Harley-Davidson, which is also a citizen of Delaware. Defendants cite cases holding that a loss of consortium claim by an adult child has not been recognized by Pennsylvania, Delaware or Wisconsin: Schroeder v. Ear, Nose and Throat Assoc. of Lehigh Valley, Inc., 557 A.2d 21 (Pa. Super. 1998) (loss of consortium claim is derivative of spouse's substantive claim); Dep't. of Public Welfare v. Schultz, 855 A.2d 753, 755 (Pa. 2004) (parent cannot bring loss of consortium claim for death of adult child); Lacy v. G.D. Searle & Co., 484 A.2d 527, 532 (Del. Super. 1984) (stating that non-spouse family members must satisfy 'zone of danger' test to recover in negligence cases); Wells v. Mount Sinai Medical Center, 515 N.W.2d 705, 709 (Wisc. 1994) (declining to recognize parent's right

---

numbers of the FL family of Harley-Davidson motorcycles, did not participate in decisions to produce a defective and potentially deadly motorcycle despite such reports, and place that motorcycle into the stream of commerce anyway." Motion to remand, ¶ 49.

to loss of consortium claim arising from injury to adult child).  Unless Kenneth has an actionable claim, his citizenship for diversity purposes should be disregarded.

On the other hand, according to plaintiffs, six states have recognized an adult child's cause of action: <u>Rolf v. Tri-State Motor Transit Co.</u>, 745 N.E.2d 424, 427 (Ohio 2001); <u>Nelson v. Cour Seasons Nursing Center</u>, 934 P.2d 1104, 1105 (Okla. App. 1996); <u>Reagan v. Vaughn</u>, 368 N.W.2d 141 (Iowa 1985); <u>Cleland v. Reynolds Metals Co.</u>, 691 P.2d 190, 195 (Wash. 1984); <u>Villareal v. State Dept. of Transp.</u>, 774 P.2d 213 (Ariz 1989).  Plaintiffs hypothesize that Pennsylvania, Wisconsin and Delaware may revisit this issue.  <u>See</u>, <u>e.g.</u>, <u>Theama by Bichler v. City of Kenosha</u>, 344 N.W.2d 513, 520-21 (Wis. 1984) (recognizing "that the rule denying recovery for the loss of society and companionship was created by the courts and not the legislature, and it is, therefore, as much our duty as the legislature's to change that law if it no longer meets society's needs. . . . We hold that a minor child may recover for the loss of care, society, companionship, protection, training and guidance of a parent due to the negligent acts of a third party.")

"The inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. . . . [Moreover,] [a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." <u>Batoff</u>, 977 F.2d at 853.  While it appears unlikely that Pennsylvania, Delaware or Wisconsin courts will recognize an adult child's claim for loss

of consortium, it cannot be said, given other states' recognition of the claim, that plaintiffs' argument is "wholly insubstantial and frivolous." Accordingly, the presence of non-diverse parties cannot be disregarded for purposes of establishing diversity jurisdiction, and the action must be remanded.[7]

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[7] Other claims by non-diverse parties: Kathryn Brooks asserts a claim under Pennsylvania's UTPCPL against the Rommel defendants, who, like Brooks, are alleged to be Maryland citizens. Defendants' position is that she has no standing under Pennsylvania's consumer protection law, because she is not a Pennsylvania resident. Therefore, the claim is not colorable and lack of diversity may be disregarded. Plaintiffs appear to concede the validity of this argument. The amended complaint includes a claim under Maryland's consumer protection statute on behalf of Kathryn Brooks. See Amended Complaint. However, the original complaint is controlling in this context. Deciding whether the sale in Maryland of a motorcycle manufactured in Pennsylvania to a Maryland resident implicates Pennsylvania's consumer protection law requires an "intricate analysis of state law." Our Court of Appeals has held such a claim "not so wholly insubstantial and frivolous" that it can be disregarded in determining the existence of diversity jurisdiction. Batoff, 977 F.2d at 853.